Alfred V. Norton, J.
This is a proceeding to review the determination of respondent which granted the protest of the tenant and vacated and set aside an order of the local rent administrator which had granted a certificate of eviction to petitioners for the purpose of obtaining the tenant’s apartment.
The subject premises is a 16-family dwelling. On June 24, 1953 the owners were served with a notice from the department of housing and buildings of a violation of section 83 of the Multiple Dwelling Law which requires a resident superintendent. On July 22, 1953 an application was filed for a certificate of eviction to obtain possession of an apartment for such purpose. On November 27, 1953 the local rent administrator granted the application and directed the issuance of a certificate of eviction against one of the tenants “ solely for use and occupancy by a resident superintendent.” The tenant filed a protest and the State Bent Administrator in an opinion and order dated March 19, 1954 reversed the local rent administrator, holding that the application was in “ retaliation for the tenant’s complaints to the Department of Housing and Buildings, the Bent Commission and other agencies.”
On September 18,1953 the owners pleaded guilty to a violation charge and were fined $15. A second notice of violation was served and on January 11, 1954 another plea of guilty was entered and sentence suspended. On March 11, 1954 another summons was served and that proceeding has been adjourned and is still pending. Unless petitioners are able to obtain an apartment in their building for occupancy by a resident superintendent, inevitably the court will cease to impose fines and will probably resort to more drastic means to compel compliance with the Multiple Dwelling Law.
Bespondent concedes that the landlords are required to provide a resident superintendent under the law but that they are proceeding in bad faith. He cites complaints of the tenant against the landlords and the fact that the apartment sought is ‘ ‘ located on the third floor and is not a logical choice for a resident superintendent ” in support of this finding. There would *578 seem to be no question that petitioners must comply with the law and that in order to do so they must obtain an apartment in the building and that some tenant must be evicted. It is apparent that the application is not a subterfuge to obtain an apartment based on grounds set forth in the regulations and which call for a determination that the basis of the application was either valid or invalid. The question of good faith cannot be questioned on this record and it may likewise be inferred that the petitioners would like to rid themselves of a troublesome tenant. However, if they cannot evict this tenant because, as respondent claims, it is retaliatory, they must then seek to evict and penalize some tenant who is not troublesome. To hold this would seem to encourage complaints by tenants, for in so doing they may build up a “ resistance ” to an application by the landlord to evict them on the ground that such application is retaliatory and some uncomplaining tenant would suffer since he could not claim such a defense.
The provisions of the Multiple Dwelling Law require a resident superintendent for the benefit and protection of all of the tenants and they are entitled to such protection.
The denial of a certificate of eviction prevents the owner from complying with the law and continues the violation. As was said in Matter of Levy v. McGoldrick (108 N. Y. S. 2d 444, 445, revd. on other grounds 279 App. Div. 940): “ Neither the court nor the respondent should perpetuate the violation ”. (See, also, Matter of Jimenez v. Coster, 276 App. Div. 457; Matter of Purvis & Clauss Realty Corp. v. McGoldrick, 133 N. Y. S. 2d 348, affd. 283 App. Div. 720.)
The determination of respondent is arbitrary and capricious. Petition, is granted, the determination of the respondent set aside and he is directed to issue a certificate of eviction.