In the Matter of SUDAIR REALTY CORP., Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— This article 78 proceeding was instituted by the owner of a sixteen-family multiple dwelling to review a determination of the State Rent Administrator, who had denied the landlord's application for a certificate of eviction to obtain possession of an apartment for occupancy by a resident superintendent as allegedly required pursuant to section 83 of the Multiple Dwelling Law. The State Rent Administrator appeals from an order annulling the determination and directing the issuance of a certificate. Order affirmed, without costs. Prior to the filing of the application, the department of housing and buildings of the city of New York had issued a violation against the subject premises based on the provisions of section 83 of the Multiple Dwelling Law. Prior to the determination by the local rent administrator, the landlord's agent had been fined for this violation. It is undisputed that the superintendent who took care of the subject premises also took care of the adjoining building, a similar sixteen-family multiple dwelling also owned by the landlord herein. It is undisputed that this superintendent had a three-room basement apartment in the adjoining building, and that the equivalent quarters in the subject premises were used only as storage space. It is undisputed that the superintendent's family did not reside in this basement apartment, that his wife refused to reside therein, and that the said superintendent spent at least several nights a week in another apartment with his wife. It is also undisputed that, while the landlord's protest was pending, the superintendent gave up his employment and moved, that the basement apartment was rented to a tenant and that the new superintendent

resided a substantial distance from the buildings. The State Rent Administrator found that neither compelling necessity nor good faith existed. In our opinion such a determination has no "warrant in the record". (Cf. *Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70, 75.) It cannot be held that the landlord did not face prosecution when the application for the certificate was filed, for it was at least questionable whether the superintendent was a "resident janitor" in an adjoining building within the meaning of section 83 of the Multiple Dwelling Law. The State Rent Administrator could not assume that the municipal authorities, in filing a violation and proceeding to have a fine imposed therefor, acted contrary to law or at the behest of the landlord. Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur. Murphy, J., dissents and votes to reverse the order and to dismiss the proceeding, with the following memorandum: Although a superintendent occupied an apartment for twelve years and was in possession, the landlord sought the apartment of a tenant in its adjoining building, with whom a controversy had arisen, for use by the superintendent, who did not seek or want it. Two applications of the landlord to evict the tenant were denied. During the pendency of a third application, the superintendent, for immaterial reasons, terminated his employment and moved. Instead of assigning that apartment, which had been used as a superintendent's apartment for thirty years, to a successor superintendent, the landlord rented it and persisted in its application to remove the troublesome tenant to procure an apartment for a superintendent. The denial of the application by the State Rent Administrator on a finding of lack of good faith is based on substantial evidence. The court may not set aside that determination when it has a rational basis.