In the Matter of JOSEPH FRIEDMAN et al., Appellants, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding to review a determination of the State Rent Administrator denying an application for a certificate of eviction, the appeal is from an order denying the petition and dismissing the proceeding. Order reversed on the law, without costs, determination of the State Rent Administrator annulled, without costs, and certificate of eviction directed to be issued. Appellants, an elderly couple, own a 4-story 10-family house. They operate a store about 12 blocks from, and reside about 4 blocks from, the subject building. The apartment, which they seek for a resident superintendent, is on the ground floor and is occupied by a former superintendent. It has an entrance to the basement, and the controls for admitting visitors to all apartments are located on the ground floor. If there were any question as to the availability of an apartment on the upper floors for a resident superintendent, it might be noted that the State Rent Administrator, in *Matter of Johnson* v. *McGoldrick* (3 Misc 2d 576, 577), contended that an apartment located on the third floor was " not a logical choice for a

resident superintendent". At the conference before the respondent the tenants conceded that a resident superintendent would be preferable to a nonresident, and that a ground floor apartment would be the most desirable for a resident superintendent. Respondent found that a "resident superintendent probably would be more desirable than a visiting superintendent" and that "the tenant's apartment is, perhaps, more convenient for that purpose". Under the circumstances present herein, it was arbitrary to find that the appellants were not proceeding in good faith and to require them to show compelling necessity when it was not found that the premises could be adequately cared for by a nonresident superintendent (see, e.g., *Matter of Purvis & Clauss Realty Corp.* v. *McGoldrick*, 283 App. Div. 720; *Matter of Sudair Realty Corp.* v. *McGoldrick*, 283 App. Div. 1112). Furthermore, the State Rent Administrator may not determine whether or not an owner may discharge a resident superintendent. Wenzel, Murphy and Ughetta, JJ., concur; Nolan, P. J., and Hallinan, J., dissent and vote to affirm the order with the following memorandum: There was substantial evidence in the record before him upon which the State Rent Administrator could find that the appellants did not seek in good faith to evict the tenant and that there was no immediate and compelling necessity for a resident superintendent in this 10-family apartment house. Convenience is not to be equated with necessity. In the circumstances, the denial of a certificate of eviction was not arbitrary, and respondent's determination may not be disturbed (*Matter of Kopec* v. *Buffalo Brake Beam - Acme Steel & Malleable Iron Works*, 304 N. Y. 65, 71; *Matter of Nurenberg* v. *Abrams*, 1 A D 2d 901).