Morris E. Spector, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act. The petitioner, landlord of a 16-apartment multiple dwelling, seeks to review and annul a determination of the respondent which affirmed a determination of the Local Bent Administrator denying a certificate of eviction.
The facts are that under the Multiple Dwelling Law a resident superintendent is required for these premises and that the landlord has been fined for not having such superintendent, as recently as June 6, 1961. The respondent determined that the petitioner had failed to establish good faith and the existence of an immediate and compelling necessity. The respondent claims that in prior proceedings this landlord had secured both a three- and four-room unit for use of a superintendent. However, the proceeding with respect to the four-room unit was decided 13 years ago and that with respect to the three-room unit was decided about 9 years ago. The respondent also argues that the petitioner failed to utilize a recently vacant three-room apartment. The petitioner argued that the superintendent which was available to them was a married man with three children and another coming, and therefore the need for four rooms was shown. This was not specifically referred to in the examiner’s report, nor the facts on which the respondent based his approval; so presumably it was not considered.
In Matter of Sudair Realty Corp. v. McGoldrick (283 App. Div. 1112) it was held that where a landlord had been prosecuted and his agent fined for failure to have a resident superintendent of a 16-dwelling apartment house, there was no warrant in the record for the Administrator to determine that the petition for eviction of a tenant to make room for a superintendent was not in good faith or urged by compelling necessity.
The landlord complies with the statute if he seeks the eviction with the honest intention and desire to gain possession of the premises for a resident superintendent. Nor will the fact that the landlord picks the less profitable apartment (as here) indi *732 cate bad faith (Ace Crown Corp. v. McGoldrick, 118 N. Y. S. 2d 216). Nor should the fact that the respondent claims that the petitioner was motivated by a desire for retaliation to this troublesome tenant be the test of the issue of good faith. .It has been shown that this was the four-room apartment with the lowest rent; that the landlord had compelling necessity for an apartment and could only get a superintendent by acquiring a four-room apartment. It should not be required to evict a tenant from an apartment with a higher rental. Nor is the fact that the landlord secured two prior eviction certificates from the respondent controlling here, when viewed in the light that the most recent one was nine years ago.
Accordingly, petitioner’s application is granted and the respondent is directed to issue a certificate of eviction.